MICHAEL P. MERRITT vs. ROGER D. WING, RUSSELL C. WHEELER, TIMOTHY B. WHEELER and ALEXANDER K. WHEELER.

In all suits pending when the code took effect, the time of issuing executions therein must be governed by the laws then in force.

An execution issued within thirty days from the entry of a judgment obtained in January last, in a suit commenced prior to July 1, 1848, *held* to be irregular.

Such irregularity is waived, if the defendant *consents* to the issuing of the execution.

*Special Term, Washington County, February,* 1849.—Motion to set aside execution. The judgment in this suit was perfected against the defendants, Wing, R. C. Wheeler and T. B. Wheeler, on the 17th January, 1849; and an execution was issued thereon on the 22d of January, 1849. The suit was commenced in the spring of 1847. No process was served on A. K. Wheeler. After the execution was issued, and on the 24th of January, the sheriff called on the defendant, R. C. Wheeler, and showed him the execution. R. C. Wheeler said that neither he nor T. B. Wheeler had any property, and that he was perfectly willing that the plaintiff should issue his execution and make what he could on it. On the same day the sheriff and the plaintiff's attorney called on the defendant, Wing, who, after some hesitation, and after some conversation with the sheriff and plaintiff's attorney, consented that the sheriff should make a levy on his personal property, if the levy could be kept still, and he protected in retaining the property exempt by law from execution. And the sheriff then made a levy, the defendant, Wing, pointing out to him his property. Wing stood by and saw the sheriff make his inventory of the property levied upon without objection. The execution was issued in the old form in use before the adoption of the code.

J. C. HOPKINS, *for defendants.*

JAS. FINLAYSON, *for plaintiff.*

PAIGE, Justice.—This suit was commenced before the Code of Procedure took effect. By the act of 14th May, 1840, (sec. 24,) an execu-

tion could not be issued until after the expiration of thirty days from the entry of the judgment. The 54th section of the Judiciary Act (May 12, 1847,) did not repeal this section of the act of 1840. The 8th section of the code expressly confines its provisions to civil actions, commenced after the time when the code was to take effect. And the supplement to the code does not make the 238th section of the code in relation to executions and the time of issuing the same, applicable to suits pending when the code went into operation. This statement shows that in all suits pending when the code took effect, the time of issuing executions must be governed by the laws then in force. This being the case, the execution in this suit having been issued before the expiration of thirty days from the entry of the judgment, was irregular. But as to the defendants, R. C. Wheeler and Roger D. Wing, the irregularity was waived by the consent of Wheeler that the execution should be issued, and by the consent of Wing, to the sheriff's levy on his personal property. (*Kimball* v. *Munger*, 2 Hill, 364; 1 Howard's Sp. Term Rep. 71; 2 Hill, 378, Anon.) There has been as yet no attempt to enforce the execution against the defendant T. B. Wheeler. When such attempt is made, he will be at liberty to apply to have the execution set aside as to him. The motion must be denied, but without costs.